# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEONARD WAYNE TAYLOR,<br><br>       Plaintiff,<br><br>v.<br><br>KENOSHA COUNTY CLERK OF COURT, DAVID BETH, and KENOSHA COUNTY JAIL,<br><br>       Defendants. | Case No. 19-CV-1632-JPS<br><br>**ORDER** |

  Plaintiff Leonard Wayne Taylor, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights when they held him at the Kenosha County Jail for 45 days without reason. (Docket #1). The Court waived payment of Plaintiff's initial partial filing fee. (Docket #9).

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

When considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff explains that on June 12, 2018 he was arrested on multiple charges. He was held at the Kenosha County Jail ("KCJ") in Kenosha County, Wisconsin. The following day, he appeared in court for a bond hearing. The court set a signature bond—i.e., a release on Plaintiff's recognizance—for certain charges, but set a cash bond for other charges. Plaintiff promptly signed for the signature bond. Though the complaint does not say, it seems that Plaintiff could not afford the cash bond. Plaintiff was returned to KCJ and was held for the remainder of the summer on the charges that carried a cash bond.

On September 17, 2018, Plaintiff accepted a plea agreement, in which he agreed to plead guilty for the charges associated with the signature bond in exchange for the dismissal of the charges associated with the cash bond (for which he was being held). Plaintiff expected to be released that day, but was returned to KCJ for several more weeks. He was finally released on November 1, 2018—a full 45 days after the cash bond charges were dismissed. Plaintiff seeks monetary compensation for the 45 days during which he should have been released on his signature bond.

The Fourteenth Amendment guards against state deprivations of "life, liberty or property, without due process of law." U.S. Const. amen. XIV § 1. This provision extends into the "substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement them.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1988) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). In reference to unlawful detention claims under the Fourteenth Amendment, the guiding question is whether the abuse of power—such as a delay in releasing an unlawfully detained person—"shocks the conscience." *Armstrong v. Squadrito*, 152 F.3d 564, 570 (7th Cir. 1998) (analyzing a substantive due process claim for a detainee who voluntarily surrendered to a jail on a bench warrant).

However, the Supreme Court has counseled that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Lewis*, 523 U.S. at 840 (citations and quotations omitted). Since this allegedly unconstitutional period of confinement arose after Plaintiff had already accepted the plea and was convicted of the charges, the Eighth Amendment would appear to govern his claims. *Armstrong*, 152 F.3d 564 at 570. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amen. VIII. "A plaintiff states a claim for an Eighth Amendment violation if he is detained in jail for longer than he should have been due to the deliberate indifference of corrections officials." *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015). "It is not sufficient to allege that the correctional officers should have

recognized a risk; rather, they personally must have perceived and ignored the risk." *Id.*

Here, Plaintiff alleges that he was detained in jail for longer than he should have been, but he does not allege that that officials at the KCJ knew that Plaintiff should have been released the day of his plea agreement, and acted with deliberate indifference to this fact. Moreover, there are no facts from which the Court can infer that specific officials at KCJ knew that Plaintiff should have been released the day of his plea agreement, and acted with deliberate indifference to this fact. Plaintiff has not alleged, for example, that he submitted an inmate complaint, wrote to the warden, or had his attorney or a family member call KCJ on his behalf to contest and resolve his prolonged detention. In short, there are no facts alleged that would give rise to the claim that the officers acted with a subjective intent to cause harm.

Plaintiff will be permitted the opportunity to submit an amended complaint in an attempt to remedy these issues. He is reminded that the allegations in the complaint must be truthful. The amended complaint will take the place of the prior complaint and must be complete, without reference to his prior complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this order on or before **June 8, 2020**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does

not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions" along with this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 7 of 7
Case 2:19-cv-01632-JPS   Filed 05/18/20   Page 7 of 7   Document 10