# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEONARD WAYNE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>KENOSHA COUNTY CLERK OF COURT, DAVID BETH, and KENOSHA COUNTY JAIL,<br><br>Defendants. | Case No. 19-CV-1632-JPS<br><br>**ORDER** |

Plaintiff, Leonard Wayne Taylor, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights when they held him at the Kenosha County Jail ("KCJ") for 45 days without reason. (Docket #1). The Court waived payment of Plaintiff's initial partial filing fee. (Docket #9). The Court subsequently screened the complaint, noting that although Plaintiff had alleged he was detained longer than he should have been, he failed to allege that KCJ officials knew Plaintiff should have been released sooner and acted with deliberate indifference to this fact. (*Id.* at 3). The Court ordered Plaintiff to file an amended complaint by June 8, 2020, otherwise the case would be dismissed for failure to state a claim and a "strike" would be issued. (Docket #10).

Plaintiff filed an amended complaint on June 1, 2020. (Docket #11). Because the amended complaint largely reiterates the allegations from his original complaint and provides no new relevant details, the Court will

dismiss this case with prejudice for failure to state a claim. Plaintiff's motion to appoint counsel, (Docket #4), will be denied as moot.

In the amended complaint, as in the original, Plaintiff reports that on September 17, 2018, he accepted a plea agreement, in which he agreed to plead guilty for the charges associated with the signature bond in exchange for the dismissal of the charges associated with the cash bond (for which he was being held). (Docket #11). Plaintiff expected to be released that day, but was returned to KCJ for several more weeks. He was finally released on November 1, 2018—a full 46 days after the cash bond charges were dismissed.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amen. VIII. "A plaintiff states a claim for an Eighth Amendment violation if he is detained in jail for longer than he should have been due to the deliberate indifference of corrections officials." *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015). "It is not sufficient to allege that the correctional officers should have recognized a risk; rather, they personally must have perceived and ignored the risk." *Id.*

As this Court stated in the screening order (Docket #10 at 5), Plaintiff must allege facts that the officials at KCJ knew that the Plaintiff should have been released on the day of his plea agreement, and that the officials acted with deliberate indifference to this fact. There are no facts in the amended complaint that allege the required facts to state a claim. (Docket #11). The only new information Plaintiff provided are the documents within the exhibit to the amended complaint. (Docket #11-1). That exhibit contains: the bail/bond form; the charge disposition report; the Wisconsin Consolidated Court Automation Programs ("CCAP") record on Plaintiff's State court

cases 18-CF-100, 18-CF-238, 18-CF-630; a Kenosha County pre-trial facility inmate grievance/appeal form ("Inmate Grievance Form"); an inmate/detainee request; and a Kenosha County Sheriff's Department release form. (*Id.*) Of note, the Inmate Grievance Form states that the Plaintiff "did not know his civil rights [were] violated on 9-17-18," because he was not released on his signature bond. (Docket #11-1 at 15). This indicates that the Inmate Grievance Form was written after he was already released, and therefore not a form that would have put the officials at KCJ on notice that they should have released Plaintiff. Further, none of the documents provide facts from which the Court can infer that specific officials at KCJ knew that Plaintiff should have been released on the day of the plea agreement and were deliberately indifferent to that fact. Therefore, Plaintiff has failed to state a claim in his amended complaint upon which relief can be granted. Because Plaintiff clearly failed to address the deficiencies in his original complaint, the Court finds that additional opportunity for amendment would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and will therefore dismiss the case with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #4) be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge